**Roy TANIGUCHI, Plaintiff—Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant—Appellee.**

No. 05–17259.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 22, 2007.

Michael F. Babitzke, Esq., Attorney at Law, Stockton, CA, for Plaintiff–Appellant.

Adrienne C. Publicover, Esq., Dennis J. Rhodes, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, San Francisco, CA, for Defendant–Appellee.

Before: ALARCÓN and TALLMAN,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Circuit Judges, and DUFFY ***, Senior Judge.

### MEMORANDUM ****

Roy H. Taniguchi appeals from the order of the district court granting summary judgment in favor of The Prudential Insurance Company of America ("Prudential"). Mr. Taniguchi contends that summary judgment was improperly granted because there are genuine issues of material fact in dispute regarding whether he is disabled.[1] We agree and vacate the judgment and remand for a trial on the merits. We have jurisdiction under 28 U.S.C. § 1291.

## I

### A

In response to Prudential's motion for summary judgment, Mr. Taniguchi presented evidence from Dr. Kirit Patel that he suffers from narcolepsy. [ER 375] The record shows that Mr. Taniguchi would fall asleep for one to two hours while performing his duty as a process operator. This position required him to monitor computers which controlled the flow of products and make appropriate adjustments. Three other doctors who evaluated Mr. Taniguchi opined that Mr. Taniguchi's sleep disorder made him incapable of being competitive in an eight hour per day work environment. [ER 123–25] Mr. Taniguchi submitted a report before Prudential's Appeals Review Unit from a vocational assessment expert which concluded that Mr. Taniguchi's medical condition "restricts him from being able to be competitively employed" in any potential occupation.

### B

In support of its motion, Prudential presented the report of Dr. Douglas Martin. Dr. Martin concluded after reviewing Mr. Taniguchi's medical files that there is "no evidence in the medical record to support the diagnosis of narcolepsy." [ER 105] Dr. Martin further concluded that Dr. Patel utilized "terms such as 'prenarcolepsy' and monosympto-matic narcolepsy." Dr. Martin opined that "there is no such thing as a diagnosis of 'pre-narcolepsy.'" [ER 99] Dr. Martin's finding is contrary to Dr. Patel's diagnosis that Mr. Taniguchi suffers from narcolepsy. Furthermore, Dr. Patel's medical files that appear in the record do not reflect a diagnosis of pre-narcolepsy. Based on Dr. Martin's opinion, Prudential denied Mr. Taniguchi long term disability.

## II

The parties agree that Mr. Taniguchi suffers from sleep apnea. They disagree regarding whether this condition causes him to fall asleep on the job. Prudential points to medical testing that his sleep apnea is controlled by wearing a Continuous Positive Airway Mask. [ER 137] Mr. Taniguchi informed Prudential that the mask would work for two or three days

---

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review an order granting summary judgment *de novo*. *Simkins v. NevadaCare, Inc.*, 229 F.3d 729, 733 (9th Cir.2000). "To affirm, [this court] must find that, reviewing the evidence in the light most favorable to [Mr. Taniguchi], there are no genuine issues of material fact on the question whether he was 'totally disabled' within the meaning of his disability policy." *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir.2001).

but then he would "start falling asleep again."

The record shows that there are genuine issues of fact in dispute regarding whether Mr. Taniguchi is totally disabled because he suffers from sleep apnea and narcolepsy. Therefore, we conclude that the district court erred in granting summary judgment in favor of Prudential.

**VACATED** and **REMANDED** for a trial on the merits. Each party shall bear its own costs.